17477. WASHINGTON LOAN & BANKING COMPANY *v.*
CLARY.

Where the payee of a note states to the original surety thereon that he (the payee) has taken an additional surety upon the note and that he releases the first surety, this does not amount to a contract between them, and the first surety is not thereby released from his obligation upon the note.

DECIDED MARCH 2, 1927. REHEARING DENIED MARCH 5, 1927.

Complaint; from Wilkes superior court — Judge Perryman. May 10, 1926.

The Washington Loan & Banking Company, as payee, sued John Henry Cohen, as maker, and H. A. Clary and B. F. Burdett as sureties, upon a note. Judgment by default was rendered against Cohen and Burdett. Clary, in his plea, admitted the execution of the note by Cohen with himself as surety, but pleaded that by a subsequent contract between himself and the bank he was released from his obligation upon the note, and that Burdett was substi-- tuted in his place as surety. The only evidence in support of the plea was that of Clary, who testified that after he had become surety for Cohen upon the note he told Cohen, who was about to go to work for Burdett, that Cohen would have to pay the note or arrange to procure Clary's release from liability upon it, that Cohen stated that he would undertake to get Burdett to go on the note as a substitute for Clary, and some time after this Clary had a con- versation with Barksdale, the cashier of the plaintiff bank, as to which Clary testified as follows: "Mr. Barksdale told me that Burdett had endorsed it [the note]. I happened by the bank and Mr. Burdett and Mr. Barksdale were in the bank on the outside at the little writing desk, and Mr. Barksdale called my attention to the fact that he was taking Burdett's name as indorser on that note, and taking mine off." Clary further testified: "Prior to that time [when Clary had the conversation with Barksdale] John Henry Cohen told me that he would undertake to get Mr. Burdett

---

Principal and Surety, 32 Cyc. p. 156, n. 18; p. 185, n. 39.

to go on the note in my place. The next thing was when I went to the bank and was told by Mr. Barksdale that that had been done. Barksdale told me that he had taken Burdett on the note in my place. . . When Barksdale and Burdett and I were talking about the matter it came up this way: I walked in the bank and Barksdale and Burdett were there at the desk, and Barksdale turned around and says to me, 'I am putting Burdett's name, on this note and taking yours off.' That was my understanding. That was all said. I did not see the note then. He did not have the note in his hand; I think it was on the desk. When Barksdale told me what had been done, I thought it was done."

Barksdale testified that he had no recollection of any such conversation as testified to by Clary, that the only conversation he had with Clary was to the effect that Clary stated that Cohen was going to move to Burdett's and that Clary wanted Burdett to indorse the note with him. Barksdale further testified that Cohen never came to him to see about getting Clary's name off the note, that Clary never asked him to take Clary's name off, and that the indorsement of Burdett was taken as added security on the note.

There is no evidence other than this that Burdett agreed to a substitution of himself for Clary as surety on the note. Clary's name was never stricken from the note. Both Clary's name and Burdett's name appear as sureties upon the note. The verdict was in favor of Clary. The plaintiff moved for a new trial, upon the grounds that the verdict was without evidence to support it, and that the court erred in certain portions of the charge to the jury.

*L. E. Thompson, Colley & Wynne,* for plaintiff.

*B. W. Fortson,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) The only evidence tending to establish a contract between Clary and the bank, releasing Clary from his obligation as surety upon the note, is Clary's testimony as to his conversation with Barksdale, the cashier of the bank. Taking Clary's testimony most strongly against him (as must be done, since he is a party to the case), it must be construed as stating that in this conversation Barksdale informed him that Burdett "had endorsed" the note, and that Barksdale "had taken Burdett on the note" as a substituted surety for Clary. This conversation constituted no contract between the bank and Clary. It can prove no more than that the bank, through

Barksdale, had already made an agreement with Burdett whereby Burdett was to be taken as a substituted surety for Clary. Barksdale merely stated what he had already done. He made no promise to Clary, and since Clary had made no promise to the bank nor had performed any act for the bank, Barksdale, in stating that he had put Burdett's name upon the note, accepted no act or promise of Clary.

There being no evidence authorizing a jury to find that Clary had a contract with the bank by which he was released as a surety upon the note, the verdict for him was unauthorized.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*